110 So.2d 280

### STATE of Alabama

v.

### J. L. FERGUSON et ux.

7 Div. 391.

Supreme Court of Alabama.

March 12, 1959.

John Patterson, Atty. Gen., and E. L. Roberts, Gadsden, Sp. Asst. Atty. Gen., for appellant.

Hawkins & Rhea, Gadsden, for appellees.

STAKELY, Justice.

In this case a petition for condemnation by the State of Alabama was filed in the Probate Court of Etowah County on the 18th day of August, 1956. A hearing was ordered on the petition on the 4th day of October, 1956, and an order entered on the 9th day of October, 1956, granting the application for condemnation and appointing commissioners to assess the damage and compensation to be paid to the owners of the land to be condemned. The commissioners filed their report in the probate court on October 30, 1956, and assessed the amount of damage and compensation to be paid to the landowners in the amount of $9,647.50. A final decree of condemnation was entered in the probate court on the 14th day of December, 1956. From this final decree the defendants, J. L. Ferguson and Glennis Ferguson, gave notice of appeal to the circuit court on the 15th day of December, 1956, and a supersedeas bond was filed by the petitioner to allow entry on the land pending the appeal.

The case was tried de novo in the Circuit Court of Etowah County on April 15, 1957. The right of petitioner to condemn the property was acknowledged and the only question in the case was that of just compensation for the land taken. The court and the jury were not concerned with the damages sustained to the remaining lands of the tract or any enhancement since this proceeding was for the entire property owned by the defendants, which consisted of one lot and a duplex house located in East Gadsden, Alabama. There was verdict and judgment for the defendants in the sum of $11,750.00, as just compensation for the property taken. Motion for new trial was filed by the petitioner and the same was overruled by order of the court. This appeal followed.

The motion for new trial contained only four grounds as follows:

"1. For that said verdict and judgment is contrary to the law.

"2. For that said verdict and judgment is contrary to the evidence.

"3. For that said verdict and judgment is contrary to the great preponderance of the law and the evidence.

"4. For that said judgment is contrary to the great preponderance of the evidence."

We point out that none of the foregoing grounds assigned as the basis for a motion for new trial makes any reference to the alleged excessiveness of the verdict. We might add that in no place in the record does it appear that the question of the excessiveness of the verdict was presented to the trial court.

Our cases make it clear that the question of the excessiveness of the jury's verdict will not be considered or determined on appeal unless such question is first presented to the lower court which is usually done by motion for a new trial. The motion must specifically challenge or question the amount of the verdict as being exces-sive. § 811, Title 7, Code of 1940; Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 274; Central of Georgia R. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Central of Georgia R. Co. v. Chambers, 197 Ala. 93, 72 So. 351.

The obvious purpose of requiring the question of the excessiveness of the verdict to be first raised in the lower court, is to provide an opportunity for the trial judge to resolve the question and an opportunity for the appellee to file a remittitur without the additional expense, inconvenience and delay of appeal and without burdening the Supreme Court with such a question raised for the first time on appeal. In the case of City of Anniston v. Douglas, 250 Ala. 367, 34 So.2d 467, this court pointed out that § 811, Title 7, Code of 1940, providing for a remittitur presupposes action by the trial court on the question of the amount of damages. In that case the question of excessiveness of the verdict was not raised by a motion for a new trial, but was raised by action of the trial court in directing the jury in the amount of the verdict.

In the case of Cook & Laurie Contracting Co. v. Bell, supra, the appellant filed a motion for a new trial on the ground that the verdict was contrary to the evidence. This court observed that remittiturs are favored by the courts in proper cases for the promotion of justice and the ending of litigation. If the practice of remittitur is to be made available it is necessary that the trial court should be properly informed of this complaint against the verdict and hence a motion to set aside should plainly challenge it as being excessive in amount. The question is not properly raised by an assignment merely that the verdict is contrary to the evidence and hence the trial court cannot be put in error for overruling the motion.

In the case of Central of Georgia R. Co. v. Chambers, supra, this court remarked that the statute (§ 811, supra), was not intended to confer on this court original

jurisdiction to grant a new trial. In that case this court refused to consider the question of excessiveness because it had not been specifically and properly raised in the lower court. See also Coca Cola Bottling Co. v. Barksdale, 17 Ala.App. 606, 83 So. 36; Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81, 86 A.L.R. 455.

Since the only question argued on this appeal is the excessiveness of the verdict, which cannot be considered by this court, as we have pointed out, there is nothing left for us to review and the judgment of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.