110 So.2d 635

**STATE of Alabama**

v.

**George MOORE.**

**5 Div. 695.**

Supreme Court of Alabama.

March 12, 1959.

J. Sydney Cook, Jr., Special Asst. Atty. Gen., Auburn, and Ruth S. Sullivan, Opelika, for appellant.

Walker & Walker, Opelika, for appellee.

STAKELY, Justice.

This is a proceeding begun in the Probate Court of Lee County, Alabama, by the State of Alabama (appellant) to condemn for highway purposes certain property of George Moore (appellee). The amount of the award in the Probate Court to George Moore was $21,902. This amount was paid into the Probate Court and an order of condemnation was there entered. The property owner (George Moore) took an appeal to the circuit court and demanded a trial by jury in the circuit court.

As required by statute, Code 1940, Tit. 19, § 18, the State on April 22, 1957, filed with the clerk of the circuit court a supersedeas bond in the amount of $43,805 and entered into possession of the condemned property. The trial before a jury in the circuit court resulted in a verdict and judgment for George Moore for $40,750. The State filed a motion for a new trial in the circuit court. On January 17, 1958, the clerk of the court paid to George Moore the amount of the original deposit of $21,902. This was by agreement of the parties made in open court. As will be hereinafter pointed out, the appellee, therefore, claims interest on $18,848 from the time of the judgment, November 7, 1957. The motion for new trial was overruled and this appeal followed.

Tendencies of the evidence showed in part the following. At the time these proceedings were instituted, the appellee George Moore owned a 535 acre tract of land in one body on Moore's Mill Road, a paved road extending southeasterly from Auburn. This place was partly within the southeasterly limits of the City of Auburn. Buildings had been erected out to the city

limits and one witness testified that the place of George Moore was suitable for subdivision for residential lots. Buildings on the place were estimated by three of the State's witnesses to be worth $20,000. A. M. Wright, a witness for the appellee, valued the home residence on the place at $15,000 and the tenant house at $8,000 and there were other valuable improvements.

On the south side of Moore's Mill Road the property of George Moore fronted at least 2,000 feet and he had a larger frontage on the north side of that road of 2,500 or 2,600 feet, making a total frontage of about 4,640 feet. It is sufficient to say that the evidence for both the appellant and the appellee showed that the place of George Moore was valuable property before the taking.

The condemnation doubly severed the property of George Moore. The State has condemned a 300 foot wide non-access highway running northeasterly through the property of George Moore. This property is designated in the petition to condemn as Parcel No. 2 of Tract 31, which contains 20.38 acres. This non-access right of way intersects the existing Moore's Mill Road at right angles. It is proposed that Moore's Mill Road will pass over the new highway by a bridge, thus necessitating the raising of Moore's Mill Road through the property of George Moore to a maximum of 20 feet. This requires the widening by condemnation of Moore's Mill Road from its present width of 80 feet to 120 feet, which is 20 feet on each side through the Moore property. These two twenty foot strips contain in the aggregate 1.21 acres and are described in the petition to condemn as Parcel No. 1 of Tract 31.

Before the condemnation 150 or 160 acres of the property of George Moore lay in one body north of and fronting on Moore's Mill Road. As shown by maps in evidence, an odd shaped 60 acre tract of this property now lies north or northwesterly of the new non-access highway, en-

tirely separated from George Moore's other property and with a frontage on Moore's Mill Road of only 30 to 60 feet, according to the estimates of various witnesses who knew the premises. In any event, according to tendencies of the evidence, whether the frontage of this odd shaped 60 acre tract on Moore's Mill Road is 30 or 60 feet, the non-access highway ruined the value of this property for subdivision or other purposes.

I. The record shows that only a notice of appeal was given. No bond or security for costs was given. The appellee insists that the appeal should be dismissed by this court ex mero motu. It is claimed that § 23, Title 19, Code of 1940, controls. This statute reads as follows:

> "After final judgment in the circuit court or court of like jurisdiction, any party may, within thirty days thereafter, upon giving bond or security for costs, as in other cases, appeal to the supreme court."

The argument is made that the giving of bond or security for costs is jurisdictional and where no bond or security for costs was given, the appeal must be dismissed. Conceding without deciding that the aforesaid statute, § 23, Title 19, Code of 1940, is the applicable statute and that § 72, Title 7, Code of 1940, is not here applicable, we still do not agree that the appeal must be dismissed.

■ Upon submission of the cause in this court no motion to dismiss the appeal of the State was submitted or other objection interposed to its prosecution of the appeal without giving bond or security for costs. The appeal, however, was taken within the time allowed by law and conceding that a bond or security for costs should have been given, this was nothing more than a defect in the manner of taking the appeal. We consider that the appellee could and did waive the failure to give bond or security for costs by not interposing a motion or other objection upon

submission. Walker v. Harris, 235 Ala. 384, 179 So. 213; Humphrey v. Lawson, 256 Ala. 198, 54 So.2d 439.

II. The appeal in this case is only from the ruling and judgment of the trial court of April 4, 1958, overruling the appellant's motion for a new trial. This is, of course, permissible. § 764, Title 7, Code of 1940, as amended, 1955 Cumulative Pocket Part. Where the appeal is from the ruling on a motion for new trial, the ruling on the motion for new trial is the only matter which is subject to review on the appeal and therefore only matters assigned in the motion for new trial are subject to review. Self v. Baker, 266 Ala. 572, 98 So.2d 10.

It is sought to be argued that the verdict is contrary to the great weight and preponderance of the evidence. The appellant appears to concede that there is sufficient evidence to support the jury's verdict of damages. In brief the appellant sets out a summary of appellee's witnesses as to damages as follows: $60,980, $52,780, $53,540.50, $52,775, $54,762 and $58,925. Thereupon the appellant asserts: "However, it is the appellant's view that the evidence given by each of the witnesses for the Appellee, including the Appellee himself, is improper and based on erroneous information in that none of said witnesses had actual knowledge of the true facts of the tract of land remaining after the taking."

W. Harvey Boggs was a witness for the State. As an engineer "he worked on the acquisition of the right of way on the 'project" here involved. It is argued that because the testimony of some of the witnesses for the appellee was in contradiction of the testimony of the witness Boggs, we should hold that these witnesses were incompetent to testify, although the trial court without objection permitted them to testify. It is not entirely clear to us that there is a conflict in the evidence. What Mr. Boggs said was, "well that is my thought, is that it is about fifteen feet" from the margin of the condemned right of way up

to the Moore residence. "Yes, sir, stakes were put in there" at or near the residence.

With reference to the width of the frontage of the odd-shaped 60 acre tract on Moore's Mill Road just northwest of the overhead bridge, Mr. Boggs readily admitted that there was a "black space" on the map from which he was testifying "where he put down a figure that I had to change, and I just inked through it." The jury had a right to find that the figure was "30" instead of "60". So George Moore testified.

With reference to the testimony as to the distance of the new right of way from the residence of George Moore, the witness Boggs testified that the stakes were there. The witnesses for the appellee, Gentry, Wright and Clements said the stakes were within 6 or 7 feet from the residence. These witnesses raise an issue of fact with Bogg's testimony, but this does not disqualify them from testifying.

The testimony of other witnesses for the appellee appears to be in keeping with that of the witness Boggs. The other witnesses for the State do not corroborate Boggs that the frontage of the odd-shaped 60 acre tract was 60 feet. Likewise they make no statement as to the distance of the residence of George Moore from the new right of way. But all this did nothing more than present issues for the jury to decide. The appellant did not on the trial assert by objection or motion that the testimony of appellee's witnesses was "improper or based on erroneous information." On the contrary, the appellant appears to concede that the witnesses of the appellee were competent to testify as to values and made no motion to exclude their testimony.

It is claimed by the appellant that certain of the witnesses for the appellee did not have "sufficient knowledge of the tract remaining after the taking to qualify them to testify as to the amount of damages." This point was not made in the

**24**

court below. There is no assignment of error to that effect and if there was, it would be ineffective since the point was not made below. Webb v. Gentle, 39 Ala.App. 357, 100 So.2d 36.

The determination of the qualifications of a witness to testify as to value is for the trial court. The credibility of a witness permitted by the trial court to testify is for the jury and where a witness testifies that he knows the property and he knows its value, he is qualified to state that value. Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; American Ins. Co. of Newark, N. J. v. Fuller, 224 Ala. 387, 140 So. 555; Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186.

As we have heretofore stated, our examination of the record shows that there was ample evidence to sustain the verdict. Every presumption is indulged in favor of the verdict of a jury and that presumption is strengthened by the overruling of the motion for new trial. New York Life Ins. Co. v. Turner, 213 Ala. 286, 104 So. 643; Smith v. Smith, 254 Ala. 404, 48 So.2d 546.

In concluding their brief the attorneys for the appellee ask that the judgment of the circuit court be affirmed with interest from its date, November 7, 1957, at six percent per annum on the judgment for $40,750 with credit of interest from January 17, 1958, on the $21,902 paid by the clerk to the appellee on that date. In support of this request the case of Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143, is cited. We have reluctantly concluded that the request for interest cannot be granted. This is a matter which should be referred to the legislature.

There is nothing in the case of Jefferson County v. Adwell, supra, which authorizes the allowance of interest on a condemnation award. That case does repeat the often previously stated rule of this court that a personal judgment cannot be rendered in a case of this kind. To the same effect see also Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529, and State of Alabama v. Carter, 267 Ala. 347, 101 So.2d 550.

Interest on a judgment is provided where a judgment is for the payment of money, § 63, Title 9, Code of 1940. It is obvious that this statute does not apply in the instant case since as we have said a judgment in a condemnation case is not a personal judgment for the payment of money but only an order of condemnation. We do not think that § 506, Title 7, Code of 1940, which deals with judgments for "debt, damages, or costs" has any application to the present case. As pointed out, the judgment in the present case is only an order of condemnation and is not necessarily subject to being executed upon until the matter of compensation is finally adjudicated and the rights of the taker finally vest. § 24, Title 19, Code of 1940.

See 47 C.J.S. Interest § 21, p. 33.

We will say again that it is with great reluctance that we deny the right of the appellee to interest on the award. Southern Electric Generating Co. v. Lance, post 25, 110 So.2d 627.

It results that the judgment of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.