130 So.2d 362

Basil WHITMAN et ux.

v.

HOUSING AUTHORITY OF the CITY OF ELBA.

4 Div. 39.

Supreme Court of Alabama.

May 25, 1961.

G. A. Lindsey, Elba, for appellants.

**246**

Joe C. Cassady, Enterprise, for appellee.

SIMPSON, Justice.

The appellee filed its application to condemn certain lands (Tracts 6, 7, and 8) in the City of Elba. The commissioners' award to appellant in the probate court was $10,000 and judgment was entered accordingly. The appellee appealed from this judgment to the circuit court and demanded a jury trial. Upon trial in the circuit court the jury assessed the damages of appellant as to Tracts 6 and 7 at $25,000 and as to Tract 8 at $550.

This appeal is from the judgment of the lower court granting appellee's motion for a new trial on the ground that the verdict was excessive. The motion for new trial was granted after appellant refused to file a remittitur of $11,500 thus reducing the verdict and judgment to $13,500 which the trial court stated as a condition to the denial of the motion for a new trial.

The sole question presented is whether the granting of the motion for new trial on the ground of excessiveness of the verdict was error to reverse.

In Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 470, 91 So.2d 828, 829, we stated the governing principle:

"It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error." (Citations omitted which also support this oft stated rule.)

In Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, 449, the holding was that a new trial for excessive or inadequate damages will be granted only where the verdict plainly indicates bias, passion, prejudice, or the like. Further speaking from Yarbrough, supra, "The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded."

The jury was permitted to view the premises and it is true that when the jury is so permitted it is not bound by the

estimate of damages given by expert testimony. The expert testimony was in conflict, but the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties and it had the right and was under the duty to set aside and grant a new trial. The trial court saw and heard the witnesses and personally viewed the premises, and on appeal some presumption must be indulged in favor of his ruling on this account. Airheart v. Green, 267 Ala. 689, 104 So.2d 687.

We cannot examine the deliberations of the jury to determine what caused the verdict. The evidence, the verdict, and the facts clearly disclosed by the evidence furnish the determining data. Where as here the trial court has ordered a remittitur of a specified amount and conditioned the granting of the new trial upon compliance with his order to remit, the question here involves a review of the trial court's judgment based upon his observations of all the witnesses in the case and other incidents of the trial which are not reflected in the transcript and which are not available for observation by us. The action of the trial court in conditioning the granting of a new trial to the appellee upon filing of a remittitur by the appellant is favored in proper cases for the promotion of justice and the ending of litigation. Airheart v. Green, supra.

We have carefully considered all of the evidence and we find ourselves unable to say that the evidence plainly and palpably shows that the trial court was in error. Cases, supra.

We think the conclusion below is due to be sustained. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.