189 So.2d 912

**STATE of Alabama**

**v.**

**Marie H. GRAF et al.**

I Div. 197.

Supreme Court of Alabama.

Sept. 8, 1966.

Harry Hardy, Jos. M. Matranga and Barry Hess, Mobile, for appellant.

Austill, Austill & Austill, Mobile, for appellee Graf.

PER CURIAM.

In a proceeding to acquire land by condemnation, the state appeals from a judgment of the circuit court, rendered on a jury verdict, awarding $56,585.00 to the landowner.

The state's motion for new trial was overruled, but that ruling has not been argued or assigned for error.

The state argues and assigns for error:

That the court erred in overruling appellant's objection to evidence showing that the landowner had received from a prospective buyer an offer to purchase the land for $6,000.00 per acre;

That the court erred in sustaining appellee's objection to a question propounded by appellant inquiring of a witness with respect to the necessity for service roads if the property were developed;

That the court erred in allowing appellee to make improper argument to the jury; and

That the court erred in refusing to grant appellant an exception.

As we understand the record, the sole issue tried in the circuit court was the amount of damages to be awarded to the property owners.

·The appellant has not complained specifically that the compensation awarded was excessive.

■ Under the rule laid down in State v. Dunlap, Ala., 186 So.2d 132,[1] when the appellant appeals from a judgment of condemnation, and the only question tried is the amount of the award, the appellant cannot have review of any ruling on the giving or refusing of requested charges to the jury, or in admitting or excluding evidence, unless appellant shall assign for error and argue the overruling of appellant's motion for new trial on the ground that the verdict was excessive or inadequate.

There is no good reason why rulings of the trial court sustaining or overruling objections to argument of counsel, or refusal to allow an exception, should stand on any higher ground than rulings on admission of evidence or instructions to the jury.

■ Following State v. Dunlap, supra, we hold that appellant cannot have a review of the rulings assigned and argued as error in the instant case because appellant did not assign and argue that the court erred in overruling the ground of the motion for new trial that the verdict is excessive.

Affirmed.

·LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, and HARWOOD, JJ., concur.

COLEMAN, J., dissents.

:COLEMAN, Justice (dissenting).

In dissent in State v. Dunlap, supra, this writer undertook to set out the reasons why he thinks the majority are wrong in that case. The writer is of opinion still that the holding in *Dunlap* is wrong, and adheres to his dissent.