203 So.2d 447

**STATE**

v.

**EAST WOODLAND HILLS, INC., et al.**

**6 Div. 360.**

Supreme Court of Alabama.

Oct. 26, 1967.

McQueen, Flowers & Ray, Tuscaloosa, for appellant.

Clement, Rosen, Hubbard & Waldrop, and Gordon Davis, Tuscaloosa, for appellees.

HARWOOD, Justice.

The state appealed to the Circuit Court of Tuscaloosa County, a final order of condemnation entered by the Probate Court of Tuscaloosa County.

The land condemned consisted of 21.7 acres and was condemned upon the application of the state for use as a right-of-way for a limited access interstate highway. The land condemned is within the corporate limits of the City of Tuscaloosa. It lies contiguous to an already developed subdivision known as Woodland Hills. The condemned right-of-way took approximately 700 feet of frontage on U.S. Highway 11, leaving no direct access thereto, and no direct access to the interstate highway to be built.

The right of the state to condemn the subject land was not questioned in the Circuit Court and all parties agree that the only issue submitted to the jury in the proceedings in the Circuit Court, was the amount of damages and compensation to be awarded.

An expert witness offered by the state testified that the damages resulting from the condemnation of the tract in question were $35,000.00.

On the other hand, some six expert witnesses offered by the respondents assessed the damages from a low of $110,300.-00 to a high of $148,000.00.

The jury fixed such compensation and damages at $82,500.00, and judgment was entered accordingly.

Thereafter the state filed a motion for a new trial containing a large number of grounds, several of which assert the excessiveness of the damages awarded. The motion for a new trial being overruled, the state perfected this appeal.

In brief counsel for appellant has set forth three propositions of law. All of these propositions outline in general terms rules relating to evidence which may be properly admitted, or should be excluded, in condemnation proceedings.

The argument portion of the brief has been divided into three sections. In Section I, counsel for appellant has jointly argued Assignments of Error 11 and 20. Each of the assignments relates to rulings on objections interposed to questions seeking evidence not specifically related to the amount of damages to be awarded.

In Section II, counsel has grouped for argument some eight assignments of error. Again, the argument under this section is directed solely toward the admission of evidence of various witnesses for the appellee as to their method of arriving at the amount of damages suffered by the appellee.

In Section III, counsel at the outset states:

"The argument of this section deals with Assignments of Error 1 through 10, 18, 19, 20, 22, and 24. This argument is based chiefly upon the admission into evidence by the Trial Court testimony from Respondents' witnesses as to value and damages based upon the speculative price of proposed subdivision lots and incorporating into their estimates of value a profit to the landowner."

While several of the assignments in the group 1 through 10, bring forward grounds of the motion for a new trial asserting excessiveness of the damages awarded, counsel for appellant has not argued the excessiveness of damages in this section, but has directed his argument solely to the rulings of the court as to the admissibility of evidence sought to be elicited from various witnesses. None of the rulings involves specifically the amount of damages suffered by the landowner, but rather the method by which they arrived at the amount of damages testified to by the witnesses.

■ It is now firmly established by our decisions that on appeal from a judgment of condemnation, and the only issue tried is the amount of damages or compensation, the appellant cannot have reviewed rulings relating to the admission or exclusion of evidence, or objections to argument of counsel, or instructions given or refused, unless the appellant assigns as error, and argues, the overruling of his or its motion for a new trial on the ground that the verdict was excessive. State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Graf, 280 Ala. 71, 189 So.2d 912.

■ The question of the excessiveness of the damages awarded not having been assigned *and argued,* the doctrines of the *Peinhardt, Dunlap,* and *Graf* cases, supra, necessitate an affirmance of this judgment.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.