209 So.2d 375

**K. W. MIMS et al.**

**v.**

**MISSISSIPPI POWER COMPANY.**

**I Div. 327.**

Supreme Court of Alabama.

April 11, 1968.

Holberg, Tully & Hodnette, Mobile, for appellants.

Inge, Twitty, Duffy & Prince, Mobile, and Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, for appellee.

LAWSON, Justice.

Mississippi Power Company filed a petition in the Probate Court of Mobile County to condemn land belonging to K. W. Mims, W. V. Mims and others to acquire a right of way for an electric transmission line across said land.

The Probate Court denied the application, whereupon Mississippi Power Company appealed to the Circuit Court of Mobile County, which granted the petition and ordered the cause set for further proceedings to have the damages and compensation assessed by a jury as requested by Mississippi Power Company.—§ 20, Title 19, Code 1940; City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305.

A jury trial followed, which resulted in a verdict in favor of the landowners in the sum of $14,000. Judgment was entered accordingly. The landowners filed a motion for a new trial, which was overruled.

Two of the landowners, K. W. Mims and W. V. Mims, appealed to this court from "the order of the Circuit Court of Mobile, Alabama, granting the petition for condemnation, rendered on May 14, 1965, and also from the judgment of the Circuit Court of Mobile County, Alabama, rendered on June 25, 1965, and from the order and judgment of said court overruling their motion for a new trial entered on August 27, 1965."

The appellants, K. W. Mims and W. V. Mims, served notice of the appeal upon the others owning an interest in the subject land and a summons was issued by the Clerk of the Circuit Court to those persons, as required by § 804, Title 7, Code 1940. See Urban v. State, 279 Ala. 8, 180 So.2d 910. None of those persons have appeared before this court and united in the appeal.

Although an appeal was taken from the judgment granting the petition for condemnation, the correctness of that judgment is not before us. No assignment of error directly attacks that judgment. The first ground of the motion for new trial was to the effect that the circuit court erred in "determining and decreeing that the applicant had the right to condemn the property described in such application," and Assignment of Error 30 is to the effect that the trial court erred in denying the motion for a new trial. But Assignment of Error 30 is not referred to in appellants' brief nor is it contended therein that the court erred in not granting a new trial based on the first ground thereof.

Appellants have made thirty assignments of error, but Assignments 1, 6, 20, 23, 26, 27 and 30 are not argued in brief, hence they are considered as having been waived—Supreme Court Rule 9; Boles v. Bonner, 267 Ala. 342, 101 So.2d 544.

The concluding paragraph of that part of appellants' brief headed "Statement of Facts" reads:

*"Since the issues upon appeal go to the general rulings of the Court on the applicable standards of valuation in determining damage,* further particularization of the facts is not required in this section of the brief, and would serve only to unduly burden the Court." (Emphasis supplied)

The sole issue involved in the jury trial of this case was the question of damages and compensation to which the landowners were entitled, yet the motion for new trial contained no ground which alleged that the damage and compensation were inadequate. See State v. Ferguson 269 Ala. 44, 110 So.2d 280. The argued assignments of error (except 4 and 5) question the correctness of certain jury charges, argument of counsel and rulings on the admission and exclusion of evidence, all of which relate to damages and compensation.

In several cases we have said in effect that where the issue involved in the trial of a condemnation case relates solely to damages and compensation to which a landowner is entitled, and the amount of the verdict of the jury is not questioned on appeal, assignments of error relating to the correctness of jury charges, jury arguments, and rulings on evidence which deal with damages and compensation, cannot work a reversal.—State v. LeCroy, 279 Ala. 428, 186 So.2d 142; State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Jackson, 279 Ala. 425, 186 So.2d 139; State v. Young, 279 Ala. 426, 186 So.2d 140; State v. Graf, 280 Ala. 71, 189 So.2d 912; State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; State v. East Woodland Hills, Inc., 281 Ala. 430, 203 So.2d 447.

For other cases to like effect see Alabama v. Ferguson, supra; Cooper v. Watts, 280 Ala. 236, 191 So.2d 519; Southern Railway Co. v. Edmunds, 280 Ala. 247, 192 So.2d 451.

In view of the foregoing, we hold that cause for reversal does not appear in the assignments of error which challenge the rulings of the trial court in regard to charges, jury arguments, and rulings on evidence which dealt with damages and compensation.

Appellants' remaining two assignments of error, 4 and 5, contest the trial court's action in denying appellants' challenge for cause of two jurors who were, respectively, an employee and a stockholder in Alabama Power Company. It is argued that the Southern Company owns all of the common stock of both the Mississippi Power Company, appellee, and of the Alabama Power Company, therefore a verdict favoring appellee in this case would be in the interest of said Alabama Power Company. Appellants urge that such interest could very well bias said jurors and was sufficient to constitute challenge for cause. With this contention we disagree and, there being no indiction that the trial court abused its sound discretion in this matter, we uphold its rulings in refusing appellants' challenges for cause.

The rule concerning challenge of a juror for cause was stated by this court in Brown v. Woolverton, 219 Ala. 112, 115, 121 So. 404, 406, 64 A.L.R. 640:

"* * * To justify a challenge for principal cause there must be a statutory ground, or some matter which imports absolute bias or favor, and leaves nothing for the discretion of the court. 16 R.C.L. 255. 'Competency under a statute (or for principal cause at common law) is a question of law, but in other cases is a question of fact, or a mixed question of law and fact, to be determined by the trial court in the exercise of a sound discretion, and its decision will not be interfered with, unless clearly shown to have been abused.' 35 C.J. 312."

In Alabama the statutory grounds of challenge for cause are as set forth in Title 30, § 55, Code, and as exist at common law. —Mitchell v. Vann, 278 Ala. 1, 174 So.2d 501; Mullis v. State, 258 Ala. 309, 62 So.2d 451. The relationships here in question do not fall within the statutory provisions. It

 

follows, therefore, in accordance with the rule as expressed in Brown v. Woolverton, supra, that it was necessary for appellants to show some matter which imported absolute bias or favor as to the challenged jurors so as to leave no room for the exercise of the trial court's discretion. To quote further from the *Woolverton* decision:

> "A challenge for favor or bias is to be determined by the trial court as any other question of fact, tried without a jury, and is reviewable on like principles (authorities cited). The decision of the trial court on such question founded on oral evidence is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion. * * *" (219 Ala., 115, 121 So., 406)

In response to questions asked by the lower court, both challenged jurors in the instant case stated, in effect, that their relationships with the Alabama Power Company would not affect their ability to render a fair and just verdict based upon the evidence. It is our conclusion that the trial court within the boundaries of its discretion properly refused appellants' challenges.— Brown v. Woolverton, supra; Mullis v. State, supra. See also Albright & Wood, Inc., v. Wallace, 274 Ala. 317, 148 So.2d 240.

A study of those cases cited by appellants —Mitchell v. Vann, supra; Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320; Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 62 So. 199 —in support of their argument that the trial court erred in refusing appellants' challenges for cause of the aforementioned jurors, do not serve to alter our opinion on this question. Those cases, as a matter of fact, serve in no way to detract from the rule as expressed by this court in Brown v. Woolverton, supra.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and HARWOOD, J., concur.

COLEMAN, J., concurs as stated in his special concurrence in Cooper v. Watts, 280 Ala. 236, 191 So.2d 519.