212 So.2d 686

STATE of Alabama

v.

Fanelle Powers DAVIS et al.

1 Div. 496.

Supreme Court of Alabama.

June 20, 1968.

------

Harry D. Hardy and Herdon H. Wilson, Mobile, for appellant.

Samuel L. Stockman, Mobile, for appellees.

LAWSON, Justice.

The State of Alabama filed a petition in the Probate Court of Mobile County to condemn land belonging to Fanelle Powers Davis and others to acquire a right of way for highway purposes.

The award of the Commissioners in the Probate Court was $500 and a judgment of condemnation was entered accordingly.

The landowners took an appeal to the Circuit Court of Mobile County, where no issue was made as to the right of the State to condemn the property in question. The sole issue was the amount of damages to be awarded the property owners. In the Circuit Court the trial was before a jury, which returned a verdict in favor of the landowners in the sum of $4,275. Judgment was entered accordingly and the State's motion for a new trial was overruled. The State has appealed to this court.

The State's motion for a new trial contained grounds to the effect that the jury's verdict was excessive. But the judgment of the trial court in overruling the State's motion for a new trial is not assigned as error. In brief filed in this court on behalf of the State it is not contended that the amount of the verdict was excessive or that the verdict was contrary to the evidence or was the result of bias or prejudice.

The argued assignments of error question the correctness of argument of counsel for the landowners and rulings on the admission and exclusion of evidence, all of which relate to damages and compensation.

■ In several cases we have said in effect that where the issue involved in the trial of a condemnation case relates solely to damages and compensation to which a landowner is entitled, and the amount of the verdict is not questioned on appeal, assignments of error relating to jury arguments and rulings on the evidence which deal with damages or compensation cannot work a reversal. Mims v. Mississippi Power Co., 282 Ala. 90, 309 So.2d 375, and cases cited.

■ In view of the foregoing, we hold that cause for reversal does not appear in any of the assignments of error made by the State on this appeal.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.