306 So.2d 265

STATE of Alabama

v.

Elden H. WARD and Vernell Ward.

SC 866.

Supreme Court of Alabama.

Jan. 9, 1975.

William S. Halsey, Anniston, Sp. Asst. Atty. Gen., for the State of Alabama.

James S. Hubbard, Anniston, for appellees.

BLOODWORTH, Justice.

State of Alabama appeals from the ruling of the trial court denying its motion for new trial after verdict and judgment awarding landowners $49,000 damages in a suit to condemn a portion of their lands for highway purposes. We affirm.

A service station and residence were located on the land in question. The only issue submitted to the jury was the amount of damages to be awarded the landowners for that portion of their lands taken.

Although the State has made ten assignments of error (one of which complains of the overruling of its motion for new trial), its appeal is taken from the adverse ruling on motion for new trial. We are therefore limited in our review solely to those rulings complained of and which are contained in grounds of the motion for new trial. This Court has long been committed to the rule:

"Where the appeal is from the ruling on the motion for a new trial, that rul-

ing is the only matter which is subject to review on appeal, and assignments of error relating to rulings in the trial itself will not be considered unless they were included in the motion for a new trial. State v. Moore, 269 Ala. 20, 110 So.2d 635; Shaw v. Knight, 212 Ala. 356, 102 So. 701. In such cases, an assignment of error that the court erred in granting or refusing to grant a new trial justifies consideration of any ground of the motion for a new trial stated with sufficient definiteness to direct this court's attention to the alleged erroneous ruling; provided such ground is adequately argued in appellant's brief. Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170, 87 A.L.R.2d 1148; Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857." Water Works and Sanitary Sewer Board v. Norman, 282 Ala. 41, 208 So.2d 788 (1968).

Thus, we proceed to consider the grounds of the motion for new trial.

"MOTION FOR NEW TRIAL

"Comes the State of Alabama in the above styled cause, by and through its Special Assistant Attorney General, and moves that this Honorable Court grant a new trial on the issue of damages only, and as grounds therefor sets out and assigns the following:

"1. The Court's refusal to grant a written request by the jury to be allowed to review the testimony of the State's real estate appraiser, William M. Towns, regarding his computation of the before and after valuations of the subject property.

"2. The Court's ruling sustaining the objection to the question propounded to the State's witness, William M. Towns, relative to the sales price of comparable sale No. 1 utilized by Mr. Towns in arriving at his land value of the subject property.

"3. The Court's ruling sustaining the objection to the question propounded to

the State's witness, William M. Towns, relative to the sales price of comparable sale No. 2 utilized by Mr. Towns in arriving at his land value of the subject property.

"4. The Court's ruling sustaining the objection to the question propounded to the State's witness, William M. Towns, relative to the sales price of comparable sale No. 3 utilized by Mr. Towns in arriving at his land value of the subject property.

"5. The Court's ruling sustaining the objection to the question propunded to the State's witness, William M. Towns, relative to the sales price of comparable sale No. 1 utilized by Mr. Towns in arriving at his before valuation of the service station parcel of the subject property.

"6. The Court's ruling sustaining the objection to the question propounded to the State's witness, William M. Towns, relative to the sales price of comparable sale No. 2 utilized by Mr. Towns in arriving at his before valuation of the service station parcel of the subject property.

"7. The Court's ruling sustaining the objection to the question propounded to the State's witness, William M. Towns, relative to the sales price of comparable sale No. 3 utilized by Mr. Towns in arriving at his before valuation of the service station parcel of the subject property."

In the first ground, the State complains of the court's "refusal" to grant a written request by the jury to review the testimony of State's witness Towns. We have examined the transcript of the evidence and fail to find any "refusal" by the trial court to grant such request. In fact, the record of the trial is silent as to any request. It does appear in the record that, at the hearing on motion for new trial, counsel for the State called as a witness the foreman of the jury, which sat on the

case. When he was asked if he had prepared such a request, he replied that he had, but that the jury went ahead, discussed, and settled this matter before the request was ever transmitted from the jury to the trial judge.

It is obvious that since no request was made of the trial court to review witness Town's testimony, no ruling of the trial court was invoked. It should be self-evident that, in these circumstances, this could not constitute reversible error. Wilbanks v. State, 289 Ala. 171, 266 So.2d 632 (1972).

The remaining grounds of the motion (2–7) relate to evidentiary rulings by the trial judge. They charge error by the trial court in sustaining objections by the landowners to questions propounded to state's witness Towns as to the consideration paid for allegedly "comparable" sales No. 1, No. 2, and No. 3. Since we agree with appellees-landowners that there is no reference whatever in the record to the court's ruling on an objection to a question as to "comparable" sale No. 2 (grounds 3 and 6), we pretermit discussion thereof.

We now address ourselves to the remaining grounds of the motion for new trial (2, 4, 5 and 7) which complain of the trial judge's sustaining objections to questions as to the consideration paid for comparable sales No. 1 and No. 3.

It was stipulated by the parties at trial that the *sole issue* to be submitted to the jury "is the amount of damages" to be awarded the landowners.

No ground of the motion for new trial averred that the damages awarded were excessive.

The rule of our cases in such instances is found in our recent case of Mims v. Mississippi Power Company, 282 Ala. 90, 209 So.2d 375 (1968), viz.:

"The sole issue involved in the jury trial of this case was the question of

damages and compensation to which the landowners were entitled, yet the motion for new trial contained no ground which alleged that the damage and compensation were inadequate. See State v. Ferguson, 269 Ala. 44, 110 So.2d 280. The argued assignments of error (except 4 and 5) question the correctness of certain jury charges, argument of counsel and rulings on the admission and exclusion of evidence, all of which relate to damages and compensation.

"[2] In several cases we have said in effect that where the issue involved in the trial of a condemnation case relates solely to damages and compensation to which a landowner is entitled, and the amount of the verdict of the jury is not questioned on appeal, assignments of error relating to the correctness of jury charges, jury arguments, and rulings on evidence which deal with damages and compensation, cannot work a reversal.— State v. LeCroy, 279 Ala. 428, 186 So.2d 142; State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Jackson, 279 Ala. 425, 186 So.2d 139; State v. Young, 279 Ala. 426, 186 So.2d 140; State v. Graf, 280 Ala. 71, 189 So.2d 912; State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; State v. East Woodland Hills, Inc., 281 Ala. 430, 203 So.2d 447.

"For other cases to like effect see Alabama v. Ferguson, supra; Cooper v. Watts, 280 Ala. 236, 191 So.2d 519; Southern Railway Co. v. Edmunds, 280 Ala. 247, 192 So.2d 451.

"In view of the foregoing, we hold that cause for reversal does not appear in the assignments of error which challenge the rulings of the trial court in regard to charges, jury arguments, and rulings on evidence which dealt with damages and compensation."

Since the sole issue submitted to the jury was the question of damages, and the motion for new trial contained no ground charging that the damages awarded were excessive, and since the remaining grounds of the motion (2, 4, 5, and 7) charge error in rulings on evidence as to damages, we hold, in accord with our case law, that cause for reversal is not made to appear in the remaining grounds of the motion for new trial. Mims v. Mississippi Power Company, supra.

■ In condemnation cases, it is the rule of our decisions that when the jury has viewed the premises (as it did here), "it is not bound by the estimate of damages given by expert testimony." Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 130 So.2d 362 (1961); State v. Carter, 267 Ala. 347, 101 So.2d 550 (1958). The landowners contend therefore that errors, if any, in the trial court's rulings amount to "harmless error" under Supreme Court Rule 45. In view of the result we reach, we need not consider this contention.

It is therefore that we must affirm the judgment of the trial court denying appellant a new trial.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting):

I dissent for reasons stated in my dissenting opinion in State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Graf, 280 Ala. 71, 189 So.2d 912.