A. H. PECK, Administrator, *vs.* B. W. THOMPSON.

A plea of *non assumpsit* sworn to is nothing more than a plea to the action, and admits the character of the party suing ; the affidavit merely attests the truth of the plea, and in no manner denies the party or the character of the party suing.

It is not absolutely necessary to prove particular items in an account sued on, but if certain facts are proven, the jury may infer its correctness. *Held*, to authorize this court to reverse a judgment for mere error in the verdict, which the court below refused to disturb, the error must be clear, as every presumption is to be indulged in favor of the verdict.

IN error from the circuit court of Claiborne county; Hon. Stanhope Posey, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*Coleman & Baldwin*, for appellant.

*Thrasher & Sillers*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Claiborne county, by D. W. & Thomas W. Thompson, as co-partners against the plaintiff in error, as executor of William Smith, deceased. The action was founded upon an open account, for certain articles alleged to have been sold by the

Peck *v.* Thompson.

plaintiffs below to the deceased, also for the use of a certain house.

The plea of non assumpsit was filed by the defendant below, and afterwards sworn to in these words. Omitting the caption, he says, " That the plea of non assumpsit, by him pleaded in the above entitled cause, is true in substance and in fact, to the best of his knowledge and belief." The question first to be noticed, is whether the plea, sworn to as above stated, is sufficient to throw upon the plaintiffs the proof of the copartnership. The statute of 1836, Hutch. Code, 842, sec. 4, says, " That all pleas to the action shall be taken as admitting the parties or the character of the parties suing. And in no case shall the plaintiff be required to prove the signature, identity of persons, or description of character, or the persons comprised in any copartnership, which may be set forth in the declaration, &c., unless the signature, person, partnership, or description of character be denied by plea, and its truth attested by oath." The plea of non assumpsit is a plea to the action, and admits the character of the parties suing. The law has given it an affirmative operation which it did not before possess. The affidavit merely attests the truth of this plea, and in no manner denies the copartnership. This question must, therefore, be considered as admitted by the pleadings in this case.

The partnership must be taken as admitted; for the indebtedness averred in the declaration, and the only question put in issue by the pleadings, is whether the indebtedness existed. Under this view of the question, the court committed no error in excluding the depositions taken in the case, of Montgomery and Boyd, as they were introduced merely to disprove the copartnership, a fact which we have seen was admitted by the defendant's plea.

The next question is, Whether the proof was sufficient to authorize the verdict. No particular item in the account is proved; but certain facts are proved from which the jury might infer its correctness. It is proved by one witness to be reasonable, and by another not to be exorbitant. These witnesses testify to certain facts, upon which they base their opinion.

To authorize the high court to reverse a judgment for mere error in the verdict which the court below refused to disturb, the error must be clear. Every presumption is to be indulged in favor of the verdict. In this case, while we do not consider the testimony very strong or satisfactory, yet it authorized the finding of the jury.

Let the judgment be affirmed.