170 So. 79

## TAYLOR v. LEWIS.

### 3 Div. 784.

Court of Appeals of Alabama.

Oct. 6, 1936.

John S. Tilley, of Montgomery, for appellant.

Harsh, Harsh & Hare and N. S. Hare, all of Birmingham, for appellee.

SAMFORD, Judge.

The complaint claimed damages for personal injuries sustained by plaintiff, and verdict was rendered in his favor for $25. Plaintiff filed his motion to set aside the verdict on the principal ground that the amount fixed as damages was grossly inadequate. The court in supervising the verdict sought to cause the defendant to consent to a raise of the recovery to an amount named by the court. This the defendant declined to do, and then the court, within the time allowed by law, granted plaintiff's motion.

The order of the court seeking to raise the recovery need not here be considered. Such order was conditioned on the consent of the defendant, to which he did not agree. That was an end of that order, and has no further bearing on this appeal.

The jury found for the plaintiff on the question of a right to recovery, and the evidence, without conflict, showed a serious, if not a dangerous, injury to the person of plaintiff, which must have entailed much pain and suffering. The verdict awarding damages of only $25 was nominal and entirely inadequate to compensate the plaintiff for the injury done. While there is no direct evidence showing prejudice, passion, or other improper motive so as to bring the case within the rule as stated in Alabama G. S. R. Co. v. Randle, 215 Ala. 535, 112 So. 112; Montgomery L. & T. Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A.1915F, 491, Ann.Cas.1916B, 449, the fact that the undisputed evidence warranted a finding in favor of plaintiff for a substantial amount and after extended deliberation, the damages awarded were nominal merely, would indicate to us, and doubtless did to the trial court, that some improper motive had entered into the verdict rendered.

The judgment is affirmed on authority of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Affirmed.