177 So. 646

## BIRMINGHAM ELECTRIC CO. v. CHANDLER.

### 6 Div. 134.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Oct. 26, 1937.

Ewing & Perrine, of Birmingham, for appellee.

Lange, Simpson & Brantley, of Birmingham, for appellant.

SAMFORD, Judge.

The action in this case is for damages claimed to have been sustained by the plaintiff as the result of the negligent operation of an automobile bus on which the plaintiff was a passenger. The allegation as to injury is: "The plaintiff was thrown violently from her seat in said automobile or automobile bus to the floor of said automobile or automobile bus, and was seriously and permanently injured, her right ankle was sprained, or the ligaments thereof strained or torn, her right elbow was bruised, her left knee was badly bruised or lacerated and her left knee cap was fractured or knocked out of place, her stomach was badly bruised, and she

was injured internally, and was confined to her bed for a long time, to-wit, four weeks, and was confined to the house for a long time, to-wit, six weeks, and was caused to suffer much physical pain and mental anguish, and was caused to lose much sleep, and continues to suffer such pain."

There was demurrer to the complaint, but no ground of the demurrer goes or relates to that part of the complaint hereinabove quoted. The cause was tried on the general issue, in short by consent.

There was ample evidence on the part of the plaintiff tending to prove the allegations of the complaint, and also tending to prove that plaintiff was quite seriously injured as a result of the accident.

On cross-examination and in answers to interrogatories propounded to the plaintiff by the defendant, there was some slight testimony to the effect that plaintiff's right knee was also slightly injured.

After the testimony was all in, the defendant requested the court, in writing, to give the following charge: "The Court charges the jury that you cannot award the plaintiff any sum to compensate her for any injury to her right knee." This charge was refused, and the defendant here insists that its refusal was reversible error.

■ The claim in the complaint was generally for bodily injuries, and the specific points of injury to the body named in the complaint were inclusive and not exclusive, and, therefore, evidence tending to prove other injuries to the body, although not specifically named in the complaint, was relevant as tending to prove the extent and seriousness of the injury alleged to have been caused by defendant's negligence. The allegation of injury to plaintiff was general, and broad enough to admit proof of other injuries received at the time, although not specifically set out in the complaint. Birmingham R. Light & Power Co. v. Brown, 150 Ala. 327, 43 So. 342; Grasselli Chemical Co. v. Davis, 166 Ala. 471, 52 So. 35.

Again, this evidence as to injury of the right knee was brought out by the defendant, presumably for the purpose of discrediting the testimony of the plaintiff as to the injuries sustained by her. But, for whatever purpose it was brought into the case, it was relevant to the issues as tending to prove the extent of the injuries sustained by the plaintiff to her body at the time of the accident.

The assignment of error most seriously insisted upon by appellant is the action of the court in refusing to grant a new trial on the ground that the damages awarded by the jury were excessive. On this point it appears, from the evidence, not only from the testimony of plaintiff, but from the testimony of other reputable witnesses, that plaintiff's injuries were quite serious, entailing much pain and suffering, and a loss of time from her employment.

■ The law has no fixed monetary standard for the assessment of damages for personal injuries. Each case must be governed by the facts and circumstances as testified to by the witnesses under the supervision of the court, and the jury is charged with the duty of fixing the amount of said damages, having a due regard to the seriousness of the injuries and all of the surrounding facts. In the exercise of this discretion, a jury's verdict should not be disturbed unless it be made clearly to appear that such verdict was reached as the result of corruption, prejudice, and passion, or clearly excessive, or that it was rendered in disregard of the testimony. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Walker County v. Davis, 221 Ala. 195, 128 So. 144; Askin & Marine Co. v. King, 22 Ala.App. 452, 116 So. 804. Such is not the case here.

We find no facts in this case which would justify this court in overruling the verdict of the jury, and the judgment of the trial judge in refusing the motion for a new trial.

There is no error in the record, and the judgment is affirmed.

Affirmed.