178 So. 823

### CASTLEBERRY v. MORGAN.

#### 6 Div. 203.

Court of Appeals of Alabama.

Feb. 1, 1938.

Murphy, Hanna, Woodall & Linbergh and Wm. H. Ellis, all of Birmingham, for appellant.

C. W. Greer and George Frey, both of Birmingham, for appellee.

SAMFORD, Judge.

The action in this case was a claim for damages for simple negligence, growing out of a collision between a Ford truck, in which plaintiff was riding, and a touring car, being driven at the time by the defendant. The injury to the plaintiff was shown by the evidence to have been serious, and as a result of said injury she was confined in the hospital from the 29th day of August until the middle of October. Both arms were broken, one leg was broken above the ankle, and she was otherwise bruised and lacerated. She was taken to the hospital as a charity patient, and no charge was made for hospitalization and none for doctor's bill.

On the trial of the case, which was tried in conjunction with a suit by plaintiff's husband, both the plaintiff and her husband recovered judgment, the jury fixing the damages to the plaintiff at $750.

Deeming the amount inadequate, the plaintiff made a motion for a new trial which was granted by the court, and from this judgment the defendant takes this appeal.

In view of the fact that the verdict of the jury was in favor of the plaintiff, we pretermit a consideration of grounds 1 and 2 of the motion for a new trial, alleging that the verdict was contrary to the law and evidence.

It also appears, from a reading of this record, that there was no evidence of subsequent negligence, and, therefore, the court committed no error in giving at the request of the defendant, in writing, the following charge: "I charge you that the plaintiff can recover nothing because of any subsequent negligence in this case." This leaves for consideration other grounds of the motion, which, differing in verbiage, raise the question of inadequacy of the damages assessed by the jury, after a consideration of all the evidence.

The evidence for the plaintiff tended to prove negligence on the part of the defendant, and while in some particulars this evidence was weak and inconclusive, there was sufficient evidence to make this a jury question. On the other hand, the testimony for the defendant tended strongly to prove that the collision between the two cars was not due to the negligence of the defendant, but, on the contrary, was due to the negligence of the driver of the truck in which this plaintiff was riding at the time of the accident. In view of this state of the evidence, as shown by the record, it is very evident to us that the verdict of the jury responded more in sympathy toward the plaintiff than it did toward the defendant.

In Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A. 1915F, 491, Ann.Cas.1916B, 449, De Grafenreid, Judge, quotes with approval from Moseley v. Jamison, 68 Miss. 336, 8 So.

744, as follows: "It may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury appear to be manifestly too small. In such case of incertitude in the measure of damages, the matter must be left to the discretion of the jury, nor should its verdict be disturbed on its finding, * * * except in those cases where it has been plainly produced by prejudice or passion or other improper motive." To the same conclusion is the case of National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698.

In Birmingham Electric Co. v. Ella Chandler, 177 So. 646, 647,[1] this court said: "The law has no fixed monetary standard for the assessment of damages for personal injuries. Each case must be governed by the facts and circumstances as . testified to by the witnesses under the supervision of the court, and the jury is charged with the duty of fixing the amount of said damages, having a due regard to the seriousness of the injuries and all of the surrounding facts. In the exercise of this discretion, a jury's verdict should not be disturbed unless it be made clearly to appear that such verdict was reached as the result of corruption, prejudice, and passion, or clearly excessive, or that it was rendered in disregard of the testimony. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Walker County v. Davis, 221 Ala. 195, 128 So. 144; Askin & Marine Co. v. King, 22 Ala.App. 452, 116 So. 804."

We recognize the rule that the power of trial judges to set aside verdicts of a jury is essential to prevent irreparable injustice in cases where a verdict. wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of the juries, which sometimes occur. But, in exercising the power, the court should be careful not to infringe the right of trial by jury in matters which have been left to them by the law.

It is also declared to be a general rule, without exception, so far as we have been able to find, that, so long as the principle of compensation is not violated, no limitation is placed upon the amount of awards of damages for personal injury. 17 Corpus Juris 1089, 398B.

In recognition of this rule, this court in McEntyre et al. v. First Nat. Bank of Headland, 27 Ala.App. 311, 171 So. 913, 915, made the following announcement: "It is also the law, recognized by all appellate courts, that when the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened; but when the trial judge sets aside the verdict, upon motion on the ground that it is contrary to the evidence, it places the judgment of one man, who is not charged with the duty of fact finding, against the judgment of twelve men, equally honest, equally obligated, whose duty it is to find the facts as to a particular transaction; and when the trial judge does exercise the power to set aside the verdict of a jury, it must appear, from the evidence, that the verdict was not only against the weight of the evidence, but so much so as at first blush, to shock our sense of justice and right. Drennen v. Brown, 5. Eng. [10 Ark.] 138; Yarborough v. Abernathy, Meigs (Tenn.) 413. To the same conclusion are the decisions in Hall v. Page, 4 Ga. 428, 48 Am.Dec. 235; Peck v. Thompson, 23 Miss. 367; Hicks v. Stone, 13 Minn. 434 (Gil. 398)."

In the case of Taylor v. Lewis, 27 Ala. App. 240, 170 So. 79, this court, still recognizing the rule, held that in a case where the right of recovery had been determined by the jury and serious injury had been suffered, a verdict for a nominal amount within itself evidenced prejudice, passion, or other improper motive, so as to bring the case within the rule.

In the instant case, however, the damages awarded were substantial in amount, and we find in this record no evidence of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, or other improper motive.

To allow the judgment, setting aside the verdict of the jury, to stand would be to place in the hands of one man the power to set aside the calm and deliberate conclusion of twelve men, equally honest, equally unprejudiced, and upon whom, by the law, is fixed the duty of ascertaining this very question. We cannot subscribe to such a doctrine.

---

[1] Ante, p. 9.

The judgment is reversed, and the cause is remanded that the judgment of the circuit court may·be reinstated.

Reversed and remanded.

