This case involves the breach of a lease agreement.
Josephine Arata leased to James Gustin, Doris Gustin and W. V. Martin a building for use as a nightclub. The lease was for a term of five years with rent set at $1,000.00 a month plus three percent of the gross sales. The tenants were responsible for any repairs and maintenance and could remove their equipment at the end of the term. *Page 103 
The lease also prohibited any assignment or sublease without Arata's written approval.
The term of the lease began in November 1978. There is a dispute over what amount of rent was paid in November, but it is apparent that $1,000.00 was received. There is a dispute as to whether this was the security deposit or rent. In any event the rent was paid in November, December and January, although it was paid late. However, Arata never received three percent of the gross sales.
In February the rent was not paid. Arata went to the club to find Gustin to obtain payment of the rent. At the club she met Curly Brooks, who told her that he was subleasing the club from Gustin. Arata then leased the club to Brooks and gave notice to Gustin that he was in default.
On June 14, 1979 Arata filed suit in the district court for rent due from the Gustins. The Gustins denied liability and filed a separate suit alleging wrongful eviction and conversion. Arata moved to dismiss this case because it was not filed as a counterclaim to her suit.
On October 5, 1979 Arata obtained a judgment for $700.00. On the same day, it appears that the district court consolidated the two cases for trial. The Gustins appealed from the district court to the circuit court. The Gustins filed an amended answer in the district court and the circuit court asking for $44,000.00 and $14,000.00 for wrongful eviction and detinue-conversion, respectively. A jury trial was held in circuit court and the jury returned a verdict in favor of the Gustins for $9,000.00. Arata moved for a new trial, which was denied. As a result, she appeals to this court.
At trial Arata testified that she never received the February rental payment or the three percent of gross receipts to which she was entitled. Further, she stated that Brooks was subleasing the premises from the Gustins for $1,500.00 a month. In March, after the February rent was not paid, Arata agreed to lease the club to Brooks.
Gustin testified that Arata had agreed to take a promissory note in lieu of the February rent. Arata denied this. The promissory note was never admitted into evidence because Gustin could not prove that it had been delivered to Arata.
Gustin testified that he spent $1,600 repairing the building after vandals broke in. He also claimed that $10,000.00 worth of his equipment was still in the building. The trial judge, however, instructed the jury that Gustin could recover only the value of his improvements and not for the equipment if the jury found in his favor.
The first issue raised in this appeal concerns whether the Gustins followed the proper procedure in filing their claim. Arata contends that it was error to allow the Gustins to file a separate suit in district court. She claims that under A.R.C.P. 13 their suit should have been filed as a compulsory counterclaim.
In this case Arata is appealing from the judgment of the circuit court. A.R.C.P. 13 (j) provides:
 Where an action is commenced in a court from which an appeal lies to the circuit court for a trial de novo any counterclaim made compulsory by Subdivision (a) of this rule shall be stated as an amendment to the pleading within 30 days after the appeal has been perfected to the circuit court or within such further time as the court may allow; and other counterclaims and cross-claims shall be permitted as in an original action.
In the present case the Gustins' separate suit was consolidated with Arata's suit in the district court. A judgment was rendered in favor of Arata from which the Gustins properly filed an appeal to the circuit court. Under rule 13 (j) it was then proper for the Gustins to amend their pleadings to state the counterclaim. Furthermore, under rule 13 (j) their amendment could exceed the jurisdictional amount allowed in the district court. We find, therefore, that on appeal to the circuit court the Gustins properly amended their pleadings so as to allow the circuit court to hear their claim. *Page 104 
Arata also alleges that the court erred in refusing to strike certain hearsay testimony. The Gustins were trying to show that Arata had accepted a promissory note in lieu of the February rental payment. Mr. Gustin was asked how he knew Arata had received the note. He stated that his ex-wife told him that it had been delivered. An objection on hearsay grounds was made after this answer was given. The objection was sustained. A few questions later Gustin was again asked what his ex-wife told him. Gustin stated that his ex-wife told him that she had delivered the note to Arata. After this answer was given, Arata moved to strike the testimony. This motion was overruled. Later, however, the trial court sustained objections to the admission of the promissory note into evidence.
Arata contends that it was error for the trial court not to strike this hearsay testimony. Under the circumstances, we cannot agree.
Both of the objections to this testimony came after the answer had been given to the question. To be timely, an objection should come after the question is propounded, but before the answer is given. C. Gamble, McElroy's AlabamaEvidence § 426.01 (3) (3d ed. 1977). In this case the objections were not timely.
The first objection, even though not timely, was sustained. The sustaining of an objection to a question after it is answered does not have the effect of excluding the answer unless a motion to exclude is made and granted. LumberFabricators, Inc. v. Appalachian Oak Flooring Hardwood Corp.,41 Ala. App. 570, 141 So.2d 210 (1962). Since no motion to exclude was made after the first objection, the testimony remained in the case for the jury's consideration.
The same sequence of questions was again asked by Gustin's attorney. Gustin, again, testified that his ex-wife told him that she had delivered the promissory note to Arata. Arata, without objecting to this testimony, moved to strike it. The court overruled the motion to strike. It should be noted that the question was not objected to and that answer was made before the strike motion was entered. Hence no error can be predicated on the court's ruling.
After the verdict was returned, Arata moved for a new trial or, in the alternative, for a judgment notwithstanding the verdict. Both motions were denied. Arata contends that the denial was in error, since the evidence was insufficient to support the verdict.
Under A.R.C.P. 50 Arata's motion for j.n.o.v. was properly overruled, since she never moved for a directed verdict during the course of the trial. However, we find that the court erred in denying Arata's motion for new trial, since we cannot find sufficient evidence to support the verdict.
The granting or denial of a motion for new trial is presumed correct and will not be reversed on appeal except for plain and palpable abuse of discretion. Holcombe v. Blackwell,382 So.2d 566 (Ala.Civ.App. 1980). In the present case, however, the evidence does not support the jury's verdict; hence the trial court abused its discretion in overruling the motion for new trial.
We can find no evidence in this case to support the jury's award of $9,000 to the Gustins for wrongful dispossession. In this case, Arata was claiming rent due under the lease. The Gustins counterclaimed for damages for wrongful dispossession and conversion. Their conversion claim was predicated on the fact that certain equipment, such as musical instruments, furniture, bar glasses, etc., was left on the premises when they were dispossessed. After being dispossessed, they were unable to regain custody of this equipment.
The trial judge in discussing his proposed instructions to the jury with the attorneys stated that he could find no basis for the Gustins' claim for conversion of this equipment. Further, the court stated that Gustin could not claim for lost profits because these damages were too speculative. Therefore the judge stated he would instruct the jury only on the Gustins' claim for wrongful dispossession. Finally, he stated that he would instruct the jury that *Page 105 
if they found in favor of the Gustins then they would be entitled to recover the reasonable value of the improvements made by the Gustins. No objection was made to the instructions.
In instructing the jury, the court stated that Arata was claiming for breach of the lease and that the Gustins were claiming wrongful dispossession. He told the jury that if they found in favor of the Gustins then the Gustins would be entitled to damages for the value of improvements that they had made on the leased premises. The jury verdict was in favor of the Gustins and assessed damages at $9,000. We can find no basis for this damage award in the record.
The word "improvements" is defined as a valuable addition made to property (usually real estate), intended to enhance its value. Black's Law Dictionary 682 (5th ed. 1979). See Mazel v.Bain, 272 Ala. 640, 133 So.2d 44 (1961). Clearly under the court's instructions to the jury, they could consider only improvements made to the land or building and not the personal property left in the building. The only evidence of any expenditures for improvements was a bill for $1,600.00. Both Arata and Gustin testified that this bill was for expenses incurred in putting the building in good condition so that the club could open. Many of the expenses were required as a condition precedent to the club being allowed to open. These expenditures are the only ones which we can find that come within the definition of "improvements." These were valuable additions to the building which enhanced its value.
The only other evidence concerning damages in this case involved the value of the equipment, i.e. $10,000, which was left in the building and amounts which Gustin claimed would probably have been his profits in a year. There was also a statement made by Gustin that the expenses of operating the club were about $12,000. The trial court, clearly, excluded these amounts from the jury's consideration. As a result, the only evidence before the jury relating to the value of improvements is $1,600; therefore, there is no basis in the record for the jury's award of $9,000.
Under these circumstances we find it to have been an abuse of discretion not to grant Arata's motion for a new trial.
We pretermit discussion of the other issues raised in this appeal, since the remaining allegations of error concern the admission and exclusion of evidence and statements made in the course of trial, which will, in all likelihood, not occur in a new trial.
For the reasons stated, we reverse the trial court's judgment and remand it for a new trial.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.