Peggy Berryhill filed an action against Alexandra Barnett, owner of Limestone Pawn Shop, alleging the conversion of a gold pocket watch. Barnett filed a counterclaim and added as a counter-defendant Clyde Rouse, Berryhill's father. Barnett alleged in the counterclaim that Berryhill and Rouse entered into a conspiracy to file suit against Barnett knowing that the charge was false.
Following a jury trial, the jury returned a verdict for $3,500 against Berryhill and Rouse. Berryhill and Rouse filed a motion for directed verdict on the conspiracy claim and for judgment notwithstanding the verdict. The motions were denied. Berryhill and Rouse appeal from their denial.
Motions for directed verdicts and for judgment notwithstanding the verdict test the sufficiency of the evidence in the same way. Independent Life Accident Ins. Co.v. Parker, 470 So.2d 1289 (Ala.Civ.App. 1985). If there is any conflict in the evidence for the jury to resolve, neither motion should be granted. Parker. A directed verdict should be granted where there is a complete absence of proof on an issue germane to the claim or where there are no disputed questions of fact on which reasonable people could differ. Parker. *Page 344 
When it considers a motion for directed verdict, the trial court must let a question go to the jury if there is substantial evidence to support the theory of the complaint.Auburn Ford Lincoln Mercury, Inc., v. Norred, 541 So.2d 1077
(Ala. 1989).
Berryhill and Rouse contend that the trial court erred in denying the motion for directed verdict and judgment notwithstanding the verdict because the evidence did not support a claim of conspiracy.
"Civil conspiracy is a combination of two or more persons to accomplish an unlawful end (by civil law standards) or to accomplish a lawful end by unlawful means." Edison v. OlinCorp., 527 So.2d 1283 (Ala. 1988). The existence of a conspiracy may be established by circumstantial evidence and inferences drawn from the relationship of the alleged conspirators, as opposed to direct evidence. Edison.
An examination of the record reveals the following: In July 1987 Berryhill, a resident of Huntsville, Alabama, pawned a gold pocket watch at the Limestone Pawn Shop in Athens, Alabama. She testified that the watch had belonged to her deceased grandfather.
Subsequently, Berryhill asked Frank Hales, her male companion at the time, to go to Athens and visit her father, Clyde Rouse. Hales complied with the request. Hales testified that during that visit Rouse asked him to go to the Limestone Pawn Shop and purchase a gold pocket watch. Rouse gave Hales $200 to purchase the watch. An employee of the shop refused to sell the watch. Hales returned the $200 to Rouse.
The following week Hales returned to Rouse's home, procured the $200 and returned to Limestone Pawn Shop. On this visit an employee of the shop sold the watch to Hales. Hales testified that immediately after the purchase he gave Rouse the watch and $75 change from the purchase. Hales testified that Berryhill later told him that she was suing Limestone Pawn Shop over the watch and that she was expecting to receive a large amount of money out of it.
On August 28th or 29th Berryhill went to the pawn shop to redeem her watch. She was told that the watch had been sold. She replied that she would see them in court. It seems that the watch had been sold to Hales prior to the statutory waiting period.
Our review of the record reveals that Barnett offered substantial evidence from which the jury could find the necessary elements of conspiracy. It was not error, therefore, for the trial court to permit Barnett's claim for conspiracy to go to the jury. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.