This appeal arises from a personal injury case in which the trial court refused, on the basis of inadequacy of damages, to accept the original verdict rendered by the jury in favor of the plaintiff, and gave the jury a supplemental instruction. The jury then returned a verdict in the amount of the plaintiff's medical expenses.
Brenda Susan Dearman and Earnest Dearman sued AMF Bowling Centers, Inc., alleging negligence. Brenda Dearman sought compensatory damages for personal injuries she claimed to have sustained when she fell at the bowling alley on October 17, 1992. Earnest Dearman sought damages for loss of consortium. They later amended their complaint to seek punitive damages based on an allegation of wantonness.
At trial, Ms. Dearman introduced into evidence medical bills totaling $18,577.35. She stated on cross-examination that her insurance company had paid 80% of the medical bills. At the close of the evidence, the trial judge directed a verdict for AMF Bowling on the wantonness claim and submitted the negligence claim to the jury. The jury returned a verdict in favor of Ms. Dearman, awarding $5,000 in compensatory damages. The trial court instructed the jury that the award was inadequate, because the evidence showed that the medical bills totaled $18,577.35. The trial judge gave this supplemental instruction:
 "Ladies and gentlemen, if you find a verdict in favor of the plaintiff, you have got to compensate the plaintiff for all damages that were proven. You have entered a judgment for five thousand dollars. My recollection of the evidence was that there was at least eighteen thousand dollars in medical expenses, so I am going to send you back to deliberate to reconsider on the plaintiff's damages."
AMF Bowling's counsel objected to this instruction.
The jury was excused to deliberate again, but returned with two questions, one of which was: "Our understanding was damages incurred by the plaintiff, not her insurance company." The judge responded: "You're not allowed to reduce a plaintiff's verdict by what was paid by the insurance company. She still incurred the bill and she is entitled to recover for those damages."
The jury deliberated again, and returned with a verdict in favor of Ms. Dearman awarding damages of $18,577.35; the trial *Page 438 
court entered a judgment accordingly. The jury found in favor of AMF Bowling on Mr. Dearman's loss of consortium claim, and the trial court entered a judgment accordingly. The Dearmans moved for a new trial on the issue of damages, arguing that the damages awarded were inadequate. AMF Bowling moved for the trial court to enter a judgment in accordance with the jury's original verdict of $5,000. The trial court did not rule on AMF Bowling's motion, but granted the Dearmans' motion for a new trial; AMF Bowling appeals.
AMF Bowling argues that the trial court erred in not granting its motion to enter a judgment pursuant to the jury's original verdict, and in granting the Dearmans' motion for a new trial. Specifically, AMF argues that the trial judge's supplemental instruction was erroneous.
As a general rule, in awarding damages when liability has been proven, the verdict must include an amount at least as high as uncontradicted special damages, as well as an amount sufficient to compensate for pain and suffering. Nemec v.Harris, 536 So.2d 93 (Ala.Civ.App. 1988). But in the case where medical expenses are claimed, some of which have been paid by medical insurance, the amount of damages recoverable may be less than the total medical expenses incurred. Senn v.Alabama Gas Corp., 619 So.2d 1320, 1325 (Ala. 1993).
In Senn v. Alabama Gas Corp., the Supreme Court explained the operation of § 12-21-45, Ala. Code 1975, which abrogated the "collateral source rule." The statute provides, in pertinent part:
 "(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses."
In Senn, the Supreme Court affirmed the trial court's refusal to give a jury instruction that stated that the injured party could recover damages for his medical expenses even if the expenses had been paid by a collateral source. The Supreme Court stated that this instruction was "erroneous as a matter of law." Senn, 619 So.2d at 1325. It further explained that, when evidence is introduced showing that medical expenses have been paid by a collateral source, the plaintiff is not necessarily entitled to fully recover medical expenses. Instead, the jury must consider all evidence introduced regarding collateral payment of medical expenses to determine what amount the plaintiff is entitled to recover. Id. at 1326 (Hornsby, C.J., concurring specially).
Ms. Dearman testified, without objection from her counsel, that her insurance paid approximately 80% of her medical expenses.[1] On appeal, the Dearmans argue that her testimony was insufficient evidence to show that the bills were paid by insurance. They argue that § 12-21-45 required AMF Bowling to produce evidence proving the exact amount of each medical bill that was paid by insurance. The statute has no such requirement, and we can find no authority for such an assertion. Therefore, because the evidence of the claimed special damages was contradicted, the jury was entitled to exercise its function as the trier of fact and to use its discretion in assessing damages. Nemec, supra, at 94. The trial court committed reversible error by wrongly instructing the jury on the measure of damages.
The appropriate remedy for this error would be a new trial.American Cast Iron Pipe Co. v. Williams, 591 So.2d 854, 856
(Ala. 1991). The trial court granted a new trial, albeit for the wrong reason, and in *Page 439 
favor of the wrong party. We hold that AMF Bowling is entitled to a new trial because of the erroneous supplemental instruction, and, for this reason, we affirm the trial court's ruling granting a new trial. On retrial, the trial court should instruct the jury regarding the appropriate measure of damages in accordance with the above authority.
The trial court apparently relied upon Clark v. Black,630 So.2d 1012 (Ala. 1993), when it refused to accept the jury's verdict and gave the supplemental instruction. In Clark, the parents of an injured minor sued, on behalf of their son, alleging negligence, and they sued in their own capacity for medical expenses they had incurred. Clark differs from this case, in that in Clark the verdict for the plaintiffs awarded the parents no damages, despite medical expenses incurred by them, and was inadequate because the award was "inconsistent with the . . . uncontroverted evidence that medical expenses exceeded by approximately $5,000 the amount paid by insurance, and was contrary to the court's instructions." Id. at 1018. Thus, that case did not hold that a plaintiff is entitled to all proven medical expenses, but only that a plaintiff is entitled to expenses to the extent that they exceed insurance and are otherwise uncontradicted, as previously decided in Sennv. Alabama Gas Corp., supra.
Based on the foregoing, the trial court's order granting a new trial is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, and YATES, JJ., concur.
CRAWLEY, J., dissents.
[1] We note that Brenda Dearman stated that insurance paid 80% of her medical bills marked as "plaintiffs' exhibit 7," which included all the bills incurred and which contained a summary of the bills and the total of all medical expenses incurred. Therefore, the Dearmans' contention that her testimony regarding payment by insurance applied only to one of her seven medical bills is not supported by the record.