ON APPLICATION FOR REHEARING
This court's original opinion, dated October 11, 1996, is withdrawn, and the following is substituted therefor:
Vic Bludsworth filed an action against Flagstar Enterprises, Inc., d/b/a Hardee's, alleging negligence and wantonness for injuries that he sustained while visiting one of Flagstar's Hardee's restaurants, in Elba, *Page 294 
Alabama. A jury trial ensued. At the close of Bludsworth's case, Flagstar made a motion for a directed verdict. The trial court entered a directed verdict in favor of Flagstar on the wantonness claim and denied a directed verdict on the negligence claim. At the close of all the evidence, Flagstar renewed its motion for a directed verdict. The trial court denied the motion. The case was submitted to the jury. The jury returned a verdict in favor of Bludsworth in the amount of $100,000. Flagstar filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The trial court denied the motion. Flagstar appeals. This case is before us pursuant to § 12-2-7(6), Code 1975.
Flagstar asserts that the trial court erred in denying its motions for a directed verdict and a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial.
Motions for directed verdicts and for a judgment notwithstanding the verdict test the sufficiency of the evidence in the same way. Berryhill v. Barnett, 590 So.2d 343
(Ala.Civ.App. 1991). If there is any conflict in the evidence for the jury to resolve, neither motion should be granted.Berryhill. A motion for a directed verdict should be granted where there is a complete absence of proof on an issue germane to the claim or where there are no disputed questions of fact on which reasonable people could differ. Berryhill. When it considers a motion for a directed verdict, the trial court must let a question go to the jury if there is substantial evidence to support the theory of the complaint. Berryhill.
Both parties agree that Bludsworth was an invitee and that Flagstar owed him a duty to have the premises free from danger or, if the premises were dangerous, to give him a warning sufficient to enable him, through the use of reasonable care, to avoid the danger. Hose v. Winn-Dixie Montgomery, Inc.,658 So.2d 403 (Ala. 1995). An owner of a premises is not an insurer of the safety of its invitees, and the doctrine of res ipsa loquitur is not applicable to slip and fall cases. Neither does a presumption of negligence arise from the mere fact of an injury to an invitee. Riverview Regional Medical Center v.Williams, 667 So.2d 46 (Ala. 1995). An owner will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner. Hose.
In order to succeed on his claim, Bludsworth had to prove more than that he slipped and fell on a foreign substance on the floor. He had to prove either that Flagstar had actual or constructive notice of the foreign substance on the floor or that Flagstar was delinquent in not discovering the offending substance. Riverview Regional Medical Center.
The record reflects that on January 27, 1993, Bludsworth went to Hardee's at approximately 1:30 p.m. to eat lunch. Approximately 30 minutes later, while on his way to the counter to get a refill of tea, Bludsworth slipped and fell. There were french fries on the floor around the area where he fell. The french fries were on the floor directly in front of the trash receptacle near the counter. Bludsworth admitted that prior to his fall, he had walked the same path at least twice and had not noticed anything on the floor. As a result of the fall, Bludsworth suffered injuries.
Joe Wilson, the general manager of Hardee's at the time the accident occurred, testified that on the day of the accident, the floors had been cleaned after breakfast and again after lunch. He stated that just minutes before the accident, he had observed Carmen Coleman cleaning the floor. Wilson further testified that just prior to 2:00 p.m., he made an inspection of the restaurant. He testified that he made an inspection of the restaurant every day at that time.
Carmen Coleman testified that she did not specifically recall whether she had cleaned the floor just minutes before the accident. However, she deferred to Wilson's recollection and stated, "If he said I done it, then more than likely I done it."
We do not believe that Bludsworth presented substantial evidence to support the theory of his case. Wilson testified that he had observed Coleman cleaning the area just moments before the accident occurred. He *Page 295 
further testified that he had inspected the area moments before the fall. Bludsworth, himself, testified that he had taken the same path twice prior to the fall and that he had not noticed anything on the floor.
Bludsworth would have us find that Coleman's failure to recall whether she cleaned the area minutes before the accident presented a disputed question of fact for the jury to decide. The record fails to support Bludsworth's alleged dispute in the evidence. Coleman testified that she did not recall cleaning the area. She, however, deferred to Wilson's recollection.
Bludsworth proved only that he slipped and fell on french fries. He failed to present any evidence that Flagstar had actual or constructive notice of the foreign substance on the floor, or that Flagstar was delinquent in not discovering the offending substance. Riverview Regional Medical Center.
Furthermore, Bludsworth failed to present any evidence that Flagstar failed to use reasonable care in maintaining its premises in a reasonably safe manner. Hose; Cash v. Winn-DixieMontgomery, Inc., 418 So.2d 874 (Ala. 1982).
There was no evidence in the record that Flagstar knew that the french fries were on the floor or that the french fries had been on the floor for such an inordinate length of time as to impute constructive notice. Cash.
We hold that the trial court erred in refusing to direct a verdict in Flagstar's favor.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., recused.