706 So.2d 1240 (1997)
DOLGEN CORPORATION and Gary Richardson
v.
Grace HANKS and Merrill Hanks.
2951417.
Court of Civil Appeals of Alabama.
June 27, 1997.
Rehearing Denied August 1, 1997.
*1241 Michael C. Niemeyer of Lyons, Pipes & Cook, P.C., Mobile, for appellants.
Robert S. Presto of Caffey, Presto & Associates, P.C., Brewton, for appellees.
MONROE, Judge.
This is an appeal from the trial court's order granting a new trial.
Grace Hanks injured her knee when she slipped and fell at a Dollar General Store operated by Dolgen Corporation. Mrs. Hanks and her husband, Merrill Hanks, sued Dolgen Corporation and its district manager, Gary Richardson (collectively referred to as "Dolgen"), asserting claims of negligence and wantonness. Mr. Hanks claimed a loss of consortium. A trial ensued, during which both parties moved for directed verdicts at the close of the Hankses' case and again after all the evidence had been presented. The jury awarded a verdict for the Hankses in the amount of $5,200 in compensatory damages and awarded no punitive damages. The Hankses moved for a new trial, and Dolgen moved for a judgment notwithstanding the verdict. The trial court granted the Hankses' motion for a new trial, and denied Dolgen's motion for a judgment notwithstanding the verdict. Dolgen appealed to this court.
On appeal, Dolgen argues that the trial court erred in denying its motion for a directed verdict and its motion for a judgment notwithstanding the verdict. A motion for a judgment notwithstanding the verdict simply provides the trial court with an opportunity to review its earlier ruling denying a motion for a directed verdict. First Financial Ins. Co. v. Tillery, 626 So.2d 1252, 1255 (Ala. 1993). Both motions test the sufficiency of the evidence, and neither motion should be granted unless the nonmovant has failed to present substantial evidence to support each element of his cause of action or defense. Id.; Berryhill v. Barnett, 590 So.2d 343 (Ala. Civ.App.1991). In reviewing a ruling on a motion for a directed verdict or for a judgment notwithstanding the verdict, we must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury would be free to draw. First Financial, 626 So.2d at 1256.
Dolgen argues that the Hankses failed to present substantial evidence that it had actual or constructive notice of the spilled detergent upon which Mrs. Hanks slipped and fell. Mrs. Hanks testified that she was walking down an aisle when she suddenly slid, fell forward into a store display, and landed on the floor, injuring her knee. She also testified that there was detergent all over the floor and all over her clothes after she fell. In addition, the Hankses presented the testimony of Roy Harville, the Dollar General store manager on duty when Mrs. Hanks fell. Harville testified that the store had experienced problems with its customers tearing open packages and spilling products. He also testified as follows:
"Q: Would you also agree that on the date of April 3, 1993, the floor of the store was not clean and dry and free from foreign substances?
"A: It never was. I am being honest. It never was. There is no way you can go behind and keep everything cleaned up.
"....
"Q: Do you admit on April 3, 1993, there had been loose granules of soap powder on the floor of your store at that time?
"A: I am sure there was.
"....
"Q: Can you state and can you tell this jury on April 3, 1993, whether you believe *1242 that there was in fact washing powders on the floor of the Atmore Dollar General Store for a significant period of time prior to the time that Grace Hanks fell on those powders?
"A: I would say so, yes, sir."
Harville also testified that keeping the floors clean was not a high priority of Dolgen's management.
We conclude that the Hankses presented substantial evidence from which the jury could infer that Dolgen had actual or constructive notice of the spilled detergent. Therefore, the trial court properly denied Dolgen's motions for a directed verdict and for a judgment notwithstanding the verdict.
Dolgen also argues that the trial court abused its discretion in granting the Hankses' motion for a new trial based on inadequacy of damages. It is well settled that the grant or denial of a motion for new trial is presumed correct and will not be reversed on appeal unless the trial court plainly and palpably abused its discretion. Arata v. Gustin, 410 So.2d 102 (Ala.Civ.App. 1982).
The trial court's order stated that the Hankses introduced uncontradicted evidence of special damages in the amount of $5,036.92 and that the jury awarded damages in the amount of only $5,200. In finding that the award of damages was inadequate, the trial court stated:
"[T]he Court finds that it is uncontradicted that the plaintiff, Grace M. Hanks, sustained painful injuries as a result of the fall that she suffered within the premises owned and/or occupied by the Defendants and that her treating physician (Edmund C. Dyas, M.D.) associated pain with the subject injuries and diagnosed those injuries sustained upon and within the premises of the Defendants as being permanent in nature. Further, Dr. Dyas rendered evidence and/or testimony to the effect that `all of [the plaintiff's] problems have been aggravated by this injury'; that the Plaintiff, Grace M. Hanks, has `continued to have chronic left knee pain'; that `she has atrophy of her thigh with chronic swelling in her knee' and that she `has been injured significantly in this accident and has a 20% disability of her left lower extremity from the injury.'"
In this case, the jury found Dolgen liable for Grace Hanks's injury. This court has held that "[w]here liability is established, the assessment of damages must include an amount at least as high as the uncontradicted special damages, as well as [a] reasonable amount as compensation for pain and suffering." Jones v. Butts, 646 So.2d 104, 105 (Ala.Civ.App.1994). In addition, "[a] jury is not at liberty to ignore undisputed evidence." Id. Because the jury verdict failed to assess damages at least as high as the uncontradicted special damages plus a reasonable amount as compensation for pain and suffering, the trial court properly granted the Hankses' motion for a new trial.
In so holding, we note that Dolgen relies on AMF Bowling Centers, Inc. v. Dearman, 683 So.2d 436 (Ala.Civ.App.1995), cert. quashed, 683 So.2d 439 (Ala.1996),[1] in arguing that, in finding in favor of the Hankses, the jury was not compelled to compensate Mrs. Hanks for the full amount of her medical expenses because her medical bills had been paid by Medicare. In AMF Bowling, this court held that the jury was not required to compensate the plaintiff for the full amount of medical expenses incurred, where evidence was introduced showing that 80% of the medical expenses had been paid by a collateral source. In the Hankses' case, the following stipulation was read to the jury:
"According to the attorneys, they want me to explain to you that the medical bills of Dr. Dyas for the treatment of Mrs. Hanks as of this date are $1,029.00. Medicals of Mobile Infirmary for her treatment as of this date are $920.00, for a total of $1,949.00. These bills have been paid by *1243 Medicare. And Mr. and Mrs. Hanks must reimburse this amount to Medicare out of any recovery that they make in this case. In other words, we have a rule of law in this state that says that when other sources have taken care of some of plaintiff's medical bills, that the plaintiff has to reimburse whoever took care of them. In this case, Medicare. So you need to be aware of that. And so you are now aware of it. Okay?"
This case is distinguishable from AMF Bowling because in this case evidence was introduced showing not only that Mrs. Hanks's medical bills had been paid by Medicare, but also that she was required to reimburse Medicare out of any recovery that she received. Thus, we cannot say that the trial court abused its discretion in ordering a new trial.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.
THOMPSON, Judge, dissenting.
I believe the trial court erred in granting the Hankses' motion for a new trial based on inadequacy of damages. A careful review of the record reveals that the Hankses presented evidence of the following losses:

$2,459.32 medical bills
$1,934.00 amounts paid for domestic help
$ 523.60 mileage for trips to and from the doctor
$ 75.00 long distance telephone charges
_________
$4,991.92 total losses

It is well settled that a jury verdict is presumed to be correct and that it will not be set aside as inadequate "unless the amount awarded is so inadequate as to indicate that the verdict is the result of passion, prejudice, or other improper motive." Stricklin v. Skipper, 545 So.2d 55, 56 (Ala.Civ.App.1988).
"When the trial court orders a new trial based on the sole ground that the verdict was against the great weight or preponderance of the evidence, the order will be reversed as based upon an abuse of discretion where, upon review, it is easily perceivable from the record that the jury verdict is supported by the evidence."
Dabbs v. Thursby, 599 So.2d 602, 603-04 (Ala.1992).
A review of the record in this case reveals no evidence of passion, prejudice, or other improper motive. "The determination of damages lies within the discretion of the jury, which has the exclusive right to weigh the evidence, give credibility to the witnesses, and draw inferences [from the evidence]." Vinzant v. Hughes, 579 So.2d 681, 683 (Ala.Civ.App.1991).
Further, juries are not required to award all incurred medical expenses. Juries are permitted to question the "reasonableness and necessity of expenses and determine whether the claimed expenses are proximately caused by the negligence of the defendant." Vinzant v. Hughes, 579 So.2d at 683. See also Kite v. Word, 639 So.2d 1380 (Ala. Civ.App.1994).
The Hankses presented evidence of Grace Hanks's medical expenses, totalling $2,459.32, along with evidence of other related special damages representing amounts paid for home help, travel, and long distance telephone calls. The jury could have found any of these expenses to be unreasonable, unnecessary, or not proximately caused by the negligence of the defendants. I do not find that the jury award was inconsistent with the evidence presented. For this reason I respectfully dissent from the majority opinion. I would remand the case to the trial court for reinstatement of the verdict.
CRAWLEY, J., concurs.
NOTES
[1] We note that AMF Bowling Centers, Inc. v. Dearman, 683 So.2d 436 (Ala.Civ.App.1995), relied in part on § 12-21-45, Ala.Code 1975, which was declared unconstitutional by the Alabama Supreme Court on July 12, 1996. American Legion Post Number 57 v. Leahey, 681 So.2d 1337 (Ala.1996). Section 12-21-45 provided that evidence that medical expenses had been paid by a collateral source was admissible as competent evidence. Because the Hankses' case was tried in October 1995, § 12-21-45 was still in effect at the time of trial.