HOOPER, Chief Justice
(dissenting).
I dissent from the denial of this petition for the writ of certiorari. The Court of Civil Appeals has not only improperly allowed the trial court to substitute its judgment for that of the jury but has also applied the incorrect standard for reviewing a grant of a new trial on the ground that the verdict is against the great weight and preponderance of the evidence.
Grace Hanks injured her knee when she slipped and fell at. a .Dollar General Store operated by Dolgen. Corporation. She and her husband, Merrill Hanks, sued Dolgen Corporation and its district manager, Gary Richardson (together hereinafter referred to as “Dolgen”), asserting claims of negligence and wantonness. Mr. Hanks claimed damages for loss of consortium. The jury awarded the Hankses $5,200 as compensatory damages; it awarded no punitive damages. The trial court granted the Hankses’ motion for a new trial. Dolgen. appealed, arguing that the trial judge abused his discretion in ordering a new trial. The Court of Civil Appeals affirmed. Dolgen Corp. v. Hanks, 706 So.2d 1240 (Ala.Civ.App.1997).
The Court of Civil Appeals cited Arata v. Gustin, 410 So.2d 102 (Ala.Civ.App.1982), for the proposition that the grant or denial of a motion for new trial is presumed correct and will not be reversed on appeal unless the. trial court plainly and palpably abused its discretion. However, the standard for reviewing the grant of a motion for a new trial has changed since Arata was decided. In Jawad v. Granade, 497 So.2d 471 (Ala.1986), this Court stated:
“[A]n order granting a motion, for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.”
497 So.2d at 477. The procedure by which the Jawad standard should be applied was set out in Alpine Bay Resorts, Inc. v. Wyatt, 589 So.2d 160 (Ala.1988):
“[W]hen the evidence meets the ‘sufficiency’ test, jury verdicts are presumed correct, and this presumption is strengthened by the trial court’s denial of a motion for new trial. Therefore, a judgment based upon a jury verdict and sustained by the denial of a post-judgment motion for a new trial, will not be reversed on a weight-of-the-evidence ground unless it is ‘plainly and palpably’ wrong. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). See, also, Jawad v. Granade, 497 So.2d 471 (Ala.1986).”
539 So.2d at 162-63.
Unlike the test applicable to a motion for a judgment notwithstanding the verdict, which is an objective test, the test applicable to a motion for a new trial is a subjective test; that subjective test historically applied a discretionary standard. Jawad, however, has considerably narrowed the range of discretion. When it is considering a “weight of the evidence” ground, it may grant a new trial motion if, but only if, the verdict is so against the great weight and preponderance of the evidence as to be “plainly and palpably” wrong, i.e., “manifestly unjust.”[1]
The standard stated by the Court of Civil Appeals in this case is what was known as the “Cobb standard.” See Jawad, 497 So.2d *1245 at 473-74 (citing Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891)). This Court in Jawad specifically abolished the Cobb standard. 497 So.2d at 477. One may argue that Jawad did not deal specifically with the issue of inadequacy of damages. However, neither did Arata. It does not matter; whether a jury’s award of damages is inadequate can properly be an issue for the court only if the evidence was not sufficient to support the jury’s award. Therefore, the standard of review applied in Jawad applies in this case also.
Therefore, the question before the trial court was whether the verdict was so against the great weight and preponderance of the evidence as to be “plainly and palpably” wrong, i.e., “manifestly unjust.” The Hanks-es proved special damages of $5,036.92. The jury awarded $5,200; that was more than the Hankses’ special damages. The Court of Civil Appeals stated that the jury did not award “a reasonable amount ... for pain and suffering.” 706 So.2d at 1242. How did the Court of Civil Appéals know this? The jury observed the witnesses and heard the evidence and then deliberated upon that evidence. Though we cannot know for sure, it is safe to assume that the jury, in awarding $5,200, decided that the Hankses were entitled to $163.08 for pain and suffering. Was that unreasonable? Applying Jawad, the Court of Civil Appeals should have asked whether that award was “plainly and palpably wrong” or “manifestly unjust.” I do not think it was. I also do not think the Court of Civil Appeals should have placed itself in the place of the jury. As the Court of Appeals stated in Castleberry v. Morgan, 28 Ala.App. 70, 178 So. 823 (1938):
“To allow the judgment, setting aside the verdict of the jury, to stand would be to place in the hands of one man the power to set aside the calm and deliberate conclusion of twelve men, equally honest, equally unprejudiced, and upon whom, by the law, is fixed the duty of ascertaining this very question. We cannot subscribe to such a doctrine.”
28 Ala.App. at 72, 178 So. at 825 (quoted in Jawad, 497 So.2d at 475).
This Court should grant the petition for writ of certiorari for two reasons. One, the Court of Civil Appeals has apparently applied an abolished standard of review. Compare Arata and Jawad, supra. Two, I believe the Court of Civil Appeals and the trial court may have improperly substituted their judgment of the evidence for that of the jury. Therefore, I respectfully dissent from the denial of this petition.
MADDOX, J., concurs.

. See Mallory v. Hobbs Trailers, 554 So.2d 966, 970 (Ala. 1989); Dorton v. Landmark Dental Care, 577 So.2d 425, 428 (Ala.1991); Life Insurance Co. of Georgia v. Johnson, 684 So.2d 685, 690 (Ala.1996).